ORIGINAL

# United States District Court

NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C. Atlanta

APR 27 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

ROLANDO MARTINEZ,

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:09-MJ-0504

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

Beginning on a date unknown, and continuing through on or about <u>April 26, 2008</u>, in <u>Troup County</u>, in the Northern District of Georgia, ROLANDO MARTINEZ,

knowingly and intentionally possessed with intent to distribute at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance,

in violation of Title <u>21</u> United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

I further state that I am a Task Force Officer of the DEA and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    (X) Yes    ( ) No

_____
Signature of Complainant
Task Force Officer Jason K. Allen

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

April 27, 2009                                                at    Atlanta, Georgia
Date                                                                 City and State

JANET F. KING
United States Magistrate Judge                            _____
Name and Title of Judicial Officer                         Signature of Judicial Officer

## AFFIDAVIT

I, Jason K. Allen, being duly sworn, do depose and state the following:

1. I am a Special Agent with the Henry County, Georgia Police Department, and have been for approximately five years, with approximately eleven years of total service. Prior to employment by the Henry County Police Department, I was employed by the Clark Atlanta University Police Department as a Patrolman for approximately one year. I have been assigned as a Task Force Officer with the Drug Enforcement Administration Task Force Group III for approximately three and one half years. I have personally conducted or participated in at least 10 complex drug conspiracy investigations, and over 100 drug investigations. Further, I have arrested in excess of 50 individuals for violations of State and Federal narcotics statutes.

2. I have probable cause to believe that, on or about April 26, 2009, within the Northern District of Georgia, Rolando MARTINEZ did unlawfully, knowingly, and intentionally possess with intent to distribute at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

3. On Sunday, April 26, 2009, Georgia State Trooper James Thompson of the Criminal Interdiction Unit was on routine patrol on I-85 in Troup County. At approximately 6:22 a.m., Trooper Thompson

observed a red Freightliner tractor-trailer with a refrigerated trailer traveling north on I-85 near mile marker 9. Trooper Thompson observed that the truck failed to maintain its lane and had a tire violation. Trooper Thompson conducted a traffic stop on the tractor-trailer and made contact with the driver, Rolando MARTINEZ.

4. Upon questioning MARTINEZ, Trooper Thompson observed MARTINEZ was extremely nervous and at one point later in the investigation, locked himself out of his cab with the engine running. Trooper Thompson observed MARTINEZ'S driver's log was incomplete and MARTINEZ had not made an entry since the day before. Trooper Thompson observed that the bill of lading was hand written. Trooper Thompson observed the truck had a high DOT number, which means it is a fairly new company. Trooper Thompson observed that the trailer did not have a seal on the door. Trooper Thompson asked for and was granted consent to search the truck and trailer from MARTINEZ. Trooper Thompson opened the trailer door and observed several pallets of boxes of peppers which appeared to have been shifted. Trooper Thompson observed several loose peppers, leading Trooper Thompson to believe the load had been tampered with. Trooper Thompson moved some boxes on the pallets third row from the trailer door and observed several large "block" shaped objects wrapped in clear plastic wrap.

5. The tractor-trailer was taken to a nearby distribution

center were the load was offloaded.  Mixed in with the produce load, Trooper Thompson discovered several blocks wrapped in clear plastic wrap, and metal type tape.  Trooper Thompson cut into one of the blocks and observed a green leafy substance he recognized to be marijuana.  Trooper Thompson removed all the blocks of marijuana and used an industrial scale to observe the total approximate weight of the marijuana to be 2,650 pounds.  Upon searching MARTINEZ'S truck cab, Trooper Thompson discovered an AT&T Samsung phone, a Motorola i776 pre-paid phone that had no stored contacts, a cash band with a $2000 denomination, a cash band with a $1000 denomination, and several empty cans of "energy drinks."  I know, based on my knowledge and experience, that drug traffickers commonly used pre-paid cell phones to communicate with other drug traffickers, keeping them only a short time before obtaining a new phone to elude law enforcement, and that drug traffickers will often drink several energy drinks to stay awake and drive longer hours, minimizing the time they are in possession of illicit drugs. MARTINEZ stated to Trooper Thompson that there was never a seal on the trailer.  I know, based on my knowledge and experience, it is uncommon for a trailer carrying produce not to have a seal put on it by the shipper.  MARTINEZ was arrested by Trooper Thompson for Violation of Georgia Controlled Substance Act for Trafficking in Marijuana O.C.G.A. 16-13-31.

   6.   DEA Task Force Officers Jason K. Allen, T.K. Gordon, and

Ronald D. Gooden responded to the scene. MARTINEZ was advised of his *Miranda* warning (in English) at approximately 10:15 a.m. by TFO Gordon from a DEA form 13a (*Miranda* warning card), as witnessed by deputized TFO Gooden. MARTINEZ advised he had no problems understanding TFO Gordon, was fluent in Spanish but comfortable speaking with TFO Gordon in English. MARTINEZ advised he understood his rights and agreed to speak with TFO Gordon. MARTINEZ stated that the freight had been paid for by Jose Ortega, which he (MARTINEZ) had picked up at a produce shed at Highway 23 and Military Highway, McAllen, Texas, and that he (MARTINEZ) had no phone number or any type of contact information for Ortega. MARTINEZ advised he was to take the shipment of peppers to "Four Seasons Produce" (though the bill of lading states the shipper as All Season Produce) in Charlotte, North Carolina, and wait for an unknown person to call him, at which time four box trucks would arrive and take the shipment. I know, based on my knowledge and experience it is uncommon for a self employed driver not to have contact information for his shipper. When questioned about the Motorola i776 phone, MARTINEZ stated he did not know how to use it, and did not know who the last two phone calls had been to.

7. MARTINEZ was arrested on federal drug charges of possession with intent to distribute marijuana, Schedule I controlled substances, in violation of Title 21, United States Code, Section 841, and conspiracy to distribute marijuana, in

violation of Title 21, United States Code, Section 846. MARTINEZ was transported by TFOs Gordon and Gooden to Atlanta Pre-Trial detention.

8. Based on the forgoing, there is probable cause to believe that, on or about April 26, 2009, within the Northern District of Georgia, Rolando MARTINEZ did unlawfully, knowingly, and intentionally possess with intent to distribute at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).