**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 3:09-CR-0005-HL |
| | : | |
| ROLANDO MARTINEZ, | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR A NEW TRIAL

Comes now the defendant, ROLANDO MARTINEZ, and files this his motion for new trial shows the court the following in support thereof:

Rule 33. (2) provides that a defendant may move this court for a new trial within 14 days of his conviction, which in the instant case occurred on the 15th day of December 2010, whereby the jury found the defendant guilty of count one of his indictment.

The defendant asks this court to set aside his conviction and grant him a new trial based upon the following grounds:

1. This court admitted over the objection of the undersigned, the hand written summary of alleged conversations among the government witness Mr. White and the defendant which contained uncorroborated, unsubstantiated, and highly prejudicial material. Much of what was contained in the written summary was not testified to by the witness offering the writing. The prejudicial effect of allowing the written statement of Mr. White to go to the jury far outweighed the probative value to the jury and an examination of the writing will show when compared to the transcript of the proceedings that Mr. White in no manner testified about the repairs to the defendant's clutch, though the writing was in direct conflict with the testimony of the defendant.

1

2. At the beginning of the trial both the government and the defendant exercised their strikes and the jury was selected. Subsequent to the selection of the jury the alternates were selected. Shortly thereafter a member of the original 12, asked to speak with the court and advised that he did not speak English. The court after engaging in a colloquy with the juror advised that he did not believe the juror did not understand, and at the conclusion of the case he would determine from the juror if he was able to understand the testimony, the nature of the case and the evidence that was presented. The court advised that if the juror did not understand that he would dismiss him and replace him with one of the alternates. With that understanding of timely motion for mistrial was made by counsel. Prior to the conclusion of the trial counsel for the defendant asked the court if the juror would be so questioned. The court responded that counsel must have misunderstood his intentions and that he would simply replace that juror with an alternate. At the conclusion of the case the court simply replaced the juror with an alternate in the exercise of its broad discretion. At that time counsel for the defendant did not object to the use of the alternate or the dismissal of the juror. An examination of the record will show that absent the judge's explanation for keeping the individual on the jury, the court of its own accord should have dismissed that jury and declared a mistrial. The courts description of the juror's apparent desire to (not be there) was a form of juror misconduct that gave rise to the manifest necessity for mistrial, which can only now be remedied by the grant of a new trial to the defendant.

3. The government in their opening remarks used visual aids including maps of the state of Texas which counsel for the defendant assumed would be introduced by the government in their case in chief, the use of those maps as a visual aid found their way into the jury deliberations as evidenced by the jury's request for maps the state of Texas. At that time an appropriate motion for mistrial was made though denied by the court. This court should thus

grant the defendant a new trial in which the jury might have before it all items that were indirectly published to the jury.

## CONCLUSION

WHEREFORE, the Defendant prays that his Motion for a New Trial be granted.

This 28 day of December, 2010.

                                  Respectfully submitted,

                                  /ss/
                            _____

                            Alexander J. Repasky
                            Attorney for Defendant
                            Georgia Bar No. 601050

4880 Lower Roswell Road
Suite 165
Marietta, Georgia  30068
(770) 912-4016