**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

**UNITED STATES OF AMERICA,**

v.

**ROLANDO MARTINEZ,**

Defendant.

Case No. 3:09-CR-5

**ORDER**

This case is before the Court on Defendant's Motion for New Trial (Doc. 120). The Motion is denied.

Pursuant to Federal Rule of Criminal Procedure 33(a), a district court "may grant a new trial if the interest of justice so requires." Defendant presents three reasons why he believes he is entitled to a new trial.

**A.     Admission of Government's Exhibit 36**

Defendant first objects to the admission of Government's Exhibit 36, which are handwritten notes from prosecution witness Michael White about alleged discussions between Defendant and White wherein Defendant discussed his alleged drug activities. Defendant contends that the prejudicial effect of allowing the exhibit to go to the jury outweighed the probative value, and also argues that an examination of the exhibit would show that the writing is in direct conflict with Defendant's testimony.

With regard to Defendant's first argument, "[t]he trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." United States v. Anderson, 872 F.2d 1508, 1515 (11th Cir. 1989). "An evidentiary ruling will stand

unless the complaining party has shown a substantial prejudicial effect." <u>United States v. Breitweiser</u>, 357 F.3d 1249, 1254 (11th Cir. 2004) (internal quotation marks omitted). Here, Defendant has not shown a substantial prejudicial effect from the admission of Government's Exhibit 36. Counsel for Defendant had ample opportunity to cross examine White about the contents of the exhibit, and Defendant had the opportunity to testify that he had no such conversations with White. The Court instructed the jury that it could believe or disbelieve any witness. It was the jury's decision whether to believe White or Defendant.

Further, Defendant's argument about White's testimony does not establish grounds for a new trial. If White did or did not testify as to certain information in the writing, that was also a matter for cross examination. And again, any conflict with Defendant's testimony was a matter for the jury to resolve. The Motion for New Trial on this point is denied.

**B.    Dismissal of Juror**

Defendant's second ground for a new trial involves a juror. After jury selection, the Court was informed that one juror had an alleged language barrier problem. The juror was brought in for questioning, and stated that he did not really understand English and could not understand what the attorneys were saying. He acknowledged being able to understand some of the Court's instructions, and stated that he had been in the United States for the past ten years. After the questioning, and outside of the juror's presence, the Court stated that it did not believe that the juror did not understand what was going on, and decided to keep the juror. The Court informed

counsel that the juror might be used as an alternate. At the end of the trial, the issue was revisited, and the Court decided to excuse the juror and replace him with the first alternate. The Court did not question the juror further at that time, but there was no objection by counsel for either party to the Court's decision to replace the juror. Now, however, Defendant contends that the Court should have declared a mistrial.

A district court has discretion to replace with alternates "any jurors who are unable to perform or who are disqualified from performing their duties." Fed. R. Crim. P. 24(c)(1). The court's discretion to remove a juror will not be disturbed absent a showing of bias or prejudice to one of the parties. See United States v. Fajardo, 787 F.2d 1523, 1525 (11th Cir. 1986).

Defendant has not argued, much less demonstrated, how the replacement of the juror with the alternate biased or prejudiced him. Counsel for Defendant acknowledges in his brief that he did not object to the use of the alternate or the dismissal of the juror during the trial. It is Defendant's burden to show that he was biased or prejudiced by the Court's actions, and he has failed to do so. See United States v. Thompson, 528 F.3d 110, 121 (2d Cir. 2008) (finding no basis for reversal of conviction when defendant pointed to no evidence that the substitution of an alternate juror created bias or prejudiced his defense). Accordingly, Defendant's Motion for New Trial on this point is denied.

3.   **Government's Use of Visual Aids During Opening Statement**

Defendant's third argument in support of his Motion for New Trial relates to a map. During its opening statement, counsel for the Government referred to a map

of Texas, which was shown to the jury on the overhead projector. Counsel for Defendant did not object to the use of the map during opening statements. The map was not introduced as evidence during the trial, and during deliberations, the jury sent out a note requesting a map of Texas. The request was denied by the Court. Counsel for Defendant moved for a mistrial, which was denied. Defendant now contends that he should be granted a new trial in which the jury might have before it all items that were indirectly published to the jury.

    The Court finds no merit in Defendant's argument. The jury was instructed both at the beginning and conclusion of the trial that any statements or arguments by the attorneys were not evidence. The jury was charged that their decision was to be based only on the evidence presented. Trial counsel very often use demonstrative exhibits during opening statements which are not introduced into evidence. The proposed demonstrative exhibit was reviewed by defense counsel prior to the trial, and no objection was lodged. There is no indication from the record that the use of the map during the Government's opening statements prejudiced Defendant. The Motion for New Trial on this point is also denied.

    **SO ORDERED**, this 12th day of January, 2011.

                                                 *s/ Hugh Lawson*
                                                 **HUGH LAWSON, SENIOR JUDGE**

mbh